# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE A. HARRIS, Jr., <br><br> Plaintiff, <br><br> vs. <br><br><br> LEADINGHAM REALTY, <br><br> Defendant. | CASE NO. 10-CV-2025 - IEG (WMc) <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;** <br><br> **(2) *SUA SPONTE* DISMISSING COMPLAINT;** <br><br> **(3) DENYING AS MOOT PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL.** <br><br> [Doc. No. 1] |

Plaintiff commenced this action on September 29, 2010, apparently alleging his civil rights were violated.[1] [Doc. No. 1.] Together with his Complaint, Plaintiff submitted a Motion to Proceed In Forma Pauperis and a Request for Appointment of Counsel. Having considered Plaintiff's arguments, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, but **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Request for Appointment of Counsel.

---

[1] Plaintiff does not cite or mention any law in the Complaint. However, Plaintiff alleges Defendant discriminated against him.

**DISCUSSION**

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit, or proceeding in a district court, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). However, an action may proceed despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status. See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

In the present case, having reviewed Plaintiff's motion and declaration in support of motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required filing fees. See Rodriguez, 169 F.3d at 1177. Accordingly, good cause appearing, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

**II.    INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir.2000)). Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

As currently pleaded, Plaintiff's complaint fails to state a cognizable claim and is frivolous to the extent it lacks an arguable basis in law or fact. The Complaint consists of one paragraph, which is incomprehensible at certain points. Plaintiff fails to allege any facts establishing a cause of action against Defendant, alleging only that Defendant discriminated against him by "allowing another

unknown occupant to sign a lease agreement who was not approved" and by conducting a background check only after the "unknown occupant has established residency." See Compl. Plaintiff does not specify how Defendant violated his rights or specify which rights Defendant violated.

Even affording Plaintiff's complaint the special consideration given to *pro se* claimants, his allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal theory against Defendant. Although the Court must assume Plaintiff can prove the facts she alleges in her complaint, the Court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint as frivolous and for failing to state a claim upon which relief can be granted. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Request for Appointment of Counsel.

Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is cautioned his First Amended Complaint must be complete in itself, without relying on references to the Original Complaint. Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered waived. See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

DATED: October 5, 2010

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court